Ogonna M. Brown, Esq. (NV Bar No. 7589)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398
E-mail: obrown@lrrc.com

*Attorneys for GemCap Lending I, LLC*

E-filed August 6, 2018
Todd M. Lander, Esq. (CA Bar No. 173031)
Email: todd.lander@ffslaw.com
Admitted *Pro Hac Vice*
Arash Beral, Esq. (CA Bar No. 245219)
Email: arash.beral@ffslaw.com
Admitted *Pro Hac Vice*
FREEMAN, FREEMAN & SMILEY LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 18-10453-LEB |
| U.S.A. DAWGS, INC., | Chapter 11 |
| Plaintiff. | Judge: Hon. Laurel E. Babero |
| U.S.A. DAWGS, INC., | Adv. No. 18-01011-LEB |
| Plaintiff, | **DEFENDANT GEMCAP LENDING I, LLC'S OPPOSITION TO MOTION FOR CONTINUANCE ON MOTION TO DISMISS** |
| v. | |
| GEMCAP LENDING I, LLC, | **Date of Hearing:** August 6, 2018 |
| Defendant. | **Time of Hearing:** 9:30 a.m. |
| | Place: Courtroom No. 3, Third Floor<br>Foley Federal Building<br>300 Las Vegas Blvd. S.<br>Las Vegas, NV 89101 |

GemCap Lending I, LLC ("GemCap"), by and through its counsel, the law firms Lewis Roca Rothgerber Christie LLP and Freeman, Freeman & Smiley LLP, hereby submits its Opposition to the Motion for Continuance on Motion to Dismiss filed by Mojave Desert Holdings, LLC ("Mojave Desert"), and entity created by James Mann, the brother of the Steve Mann and Barry Mann, the Debtor's principals, on August 3, 2018 ("Motion to Continue")

(Adv. ECF No. 41),[1] wherein Mojave Desert seeks to continue the hearing on GemCap's Motion to Dismiss the Adversary Complaint U.S.A. Dawgs, Inc. ("Debtor") commenced against GemCap on February 20, 2018 [Adv. ECF No. 1].

This Opposition is based upon the following grounds and the following reasons: (1) as a preliminary matter, on the eve of the hearing, Mojave Desert failed to contact local counsel via telephone or email to request an expedited hearing, but only left a message for Todd M. Lander Esq. on Friday, August 3, 2018, regarding the request for an expedited hearing; (2) Mojave Desert lacks standing to seek a continuance of the Motion to Dismiss the Adversary, as Mojave Desert admits in its Motion that "it is in the process of purchasing the Litigation Asset from Dawgs Holdings LLC, the entity created by Optimal Investment Group, Inc. ("OIG")" and that it does not yet own the Litigation Assets previously owned by the Debtor; (3) GemCap is prepared to proceed with the Motion to Dismiss the Adversary Complaint, and disputes vigorously Mojave Desert's characterization of the continued August 6, 2018 hearing as a placeholder or status hearing. This Court previously continued the dismissal hearing at the request of Debtor's replacement counsel, Matt Zirzow, Esq. to allow him time to get up to speed and prepare for the hearing, as he has only recently been retained by the Debtor, and Attorney Gray Kozlowski represented to the Court that she was unable to argue to oppose the Motion to Dismiss the Adversary as a result of her impending withdrawal as Debtor's counsel. GemCap has expended fees and costs, including travel costs, to proceed with the dismissal hearing on numerous occasions, which has been continued four times, and GemCap will be further prejudiced with increasing fees, costs, and additional unnecessary delay, if the hearing does not proceed as scheduled on August 6, 2018; (4); the briefing schedule on the Motion to Dismiss the Adversary Case is closed, as the Opposition to the Motion to Dismiss Adversary

---

[1] Unless otherwise identified, all references to "ECF No." are to the numbers assigned to the documents filed in the bankruptcy case of *In re U.S.A. Dawgs, Inc.*, Bankr. D. Nev. Case No. 18-10453 ("Bankruptcy Case"), as they appear on the docket ("Bankruptcy Docket") maintained by the Clerk of the Court of the United States Bankruptcy Court for the District of Nevada ("Clerk of Court"). All references to "Adv. ECF No." are to the numbers assigned to the documents filed in the adversary proceeding identified in the caption above ("Adversary Proceeding"), as they appear on the adversary docket ("Adversary Docket") maintained by the Clerk of Court.

Complaint was filed on April 26, 2018 [Adv. ECF No. 15], and any attempt to submit any other filings to this Court would result in a fugitive document precluded by the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada ("LR"); (5) Mojave Desert's request to further continue the hearing on the dismissal motion is perceived by GemCap as nothing more than yet another stall tactic and effort by the Debtor to breach the settlement terms reached with GemCap and presented to the Court.  Regardless of whether Debtor, OIG, or now the soon to be purported successor-in-interest Mojave Desert own the Debtor's Litigation Assets, as it relates to the pending Motion to Dismiss the Adversary, each of them are bound by the May 17, 2018, settlement terms placed on the record before this Court, and previously upheld by this Court when challenged by Diamond Distribution, Ltd. ("Double Diamond") in connection with the Motion to Remove Certain Litigation Claims From the List of Assets Being Sold at the June 29, 2018 Auction of Debtor's Assets Or, In the Alternative, For the Appointment of a Chapter 11 Trustee to Determine Values and Best Use of Debtor's Litigation Claims [ECF No. 431] ("Double Diamond Motion"); and (6) Mojave Desert's efforts to purchase the Litigation Assets and oppose dismissal of the Adversary Case appear to confirm allegations of collusion in connection with the Auction and bidding process, and clearly show the effort by the Mann Siblings to wrest control of the litigation for their personal benefit.

This Opposition is supported by the papers and pleadings on file in this Case, judicial notice of which GemCap respectfully requests this Court take pursuant to FED. R. EVID. 201(b) and (c)(2) and FED. R. EVID. 1101(a) and (b); the Memorandum of Points and Authorities below; and any oral argument the Court entertains at the hearing on the Motion.

. . .

. . .

. . .

. . .

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157, and LR 1001(b)(1). Adjudication of the Motion constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K). Venue in the District of Nevada is appropriate pursuant to 28 U.S.C. § 1408.

### II.  STATEMENT OF RELEVANT FACTS

1. On January 31, 2018 (the "Petition Date"), Debtor filed a voluntary chapter 11 Petition [ECF No. 1] ("Petition").

2. On February 20, 2018, Debtor filed a Complaint against GemCap, pending as Adv. Case No. 18-1011 ("Adversary Complaint").

3. On March 30, 2018, GemCap filed its Motion to Dismiss Adversary Complaint [Adv. ECF No. 12] ("Dismissal Motion").

4. On March 30, 2018, the Dismissal Motion was noticed for hearing to occur on May 10, 2018 [Adv. ECF No. 13].

5. On April 26, 2018, Debtor filed its Opposition to the Dismissal Motion [Adv. ECF No. 15] (the "Opposition").

6. The hearing on the Motion to Dismiss Adversary Complaint was continued from May 10, 2018, to May 17, 2018 [Adv. ECF No. 17].

7. On May 3, 2018, GemCap filed its reply in support of the Dismissal Motion [Adv. ECF No. 16].

8. On May 17, 2018, the final terms of the resolution reached between Debtor and GemCap were placed on the record, pursuant to which Debtor agreed GemCap held an allowed secured claim in the amount of $4.3 million ("Allowed Secured Claim"). The Court established the date for the auction of Debtor's assets (altogether, the "Assets"), with GemCap's credit bid as the stalking horse bidder for June 29, 2018, only in the event OIG

failed to timely fund escrow on or before June 15, 2018. In the event OIG timely funded escrow on or before June 15, 2018, but Debtor was unable to confirm a plan of reorganization by July 31, 2018, the Court had established the date for auction of Debtor's assets with GemCap's credit bid as the stalking horse bidder for August 1, 2018 (collectively, the "Terms"). In reliance of the terms of the agreement, GemCap withdrew its objection to further use of its cash collateral and agreed, as part of the settlement, to the continued use of that cash collateral until either confirmation of the proposed plan of reorganization or alternatively, proceeding with the auction.

9. On May 22, 2018, GemCap filed its Notice of Credit Bid of GemCap Lending I, LLC [ECF No. 303] (the "Credit Bid Notice"), which set forth GemCap's credit bid for the Assets (the "Credit Bid") in connection with its Allowed Secured Claim up to the amount of $4.3 million.

10. On June 15, 2018, Debtor filed its Notice of Auction on June 29, 2018 [ECF No. 380] (the "Auction Notice"), establishing an auction hearing and subsequent sale hearing, to occur June 29, 2018, at 10:00 a.m. and 4:00 p.m., respectively, for the sale of Debtor's assets (the "Auction"). *See also* ECF Nos. 389, 390.

11. On June 18, 2018, the Court entered its Order approving bid procedures [ECF No. 383], which Order approved specific bid procedures to be utilized at the Auction.

12. On June 26, 2018, Double Diamond filed a Motion to Remove Certain Litigation Claims from the List of Assets being Sold at the June 29, 2018 Auction of Debtor's Assets or, in the alternative, for the Appointment of a Chapter 11 Trustee to Determine Values and Best Use of Debtor's Litigation Claims ("Double Diamond Motion to Remove Litigation Claims") [ECF No. 431], seeking to intervene in and disrupt the Auction.

13. On June 26, 2018, James Mann and Steve Mann each filed a declaration in support of the Double Diamond Motion to Remove Litigation Claims [ECF Nos. 433-434].

14. On June 28, 2018, at the conclusion of an expedited hearing, this Court denied the Double Diamond Motion to Remove Litigation Claims, ruling, among other things, the settlement entered into between the Debtor and GemCap for an Allowed Secured Claim of $4.3 million was binding as a matter of law. *See* Order Denying Disposition of Property [ECF No. 489].

15. In the interim, GemCap's Motion to Dismiss Adversary has been continued from July 6, 2018 to July 20, 2018, and again to August 6, 2018, at the request of Debtor's replacement counsel, Matt Zirzow, Esq., to allow him time to prepare for the hearing, as he was only recently retained by the Debtor, and Attorney Gray Kozlowski represented to the Court that she was unable to argue to oppose the Motion to Dismiss the Adversary as a result of her impending withdrawal as Debtor's counsel.

16. On August 3, 2018, Mojave Desert filed the Motion to Continue on an expedited basis [Adv. ECF No. 41].

### III.    ANALYSIS

In addition to the dispositive fact that Mojave Desert lacks standing to bring a motion to continue the hearing on the Motion to Dismiss Adversary, Mojave Desert has failed to comply with LR in filing the Motion without a statement indicating Desert Mojave's consent to the jurisdiction of the Court and regarding whether the Motion is a core proceeding. *See* LR 7008. Mojave Desert also failed to contact local counsel via telephone or email to request an expedited hearing, but only left a message for Todd M. Lander Esq. on Friday, August 3, 2018, regarding the request for an expedited hearing on shortened time ("OST"), providing GemCap no meaningful opportunity to respond to the OST request before Mojave Desert filed its request for an expedited hearing. GemCap thus had little or no time to prepare for this latest eleventh hour attempt to continue the hearing on its Motion to Dismiss. Notwithstanding the failings in seeking the expedited hearing, and jurisdictional defects that preclude this Court

from entertaining Mojave Desert's Motion, GemCap presents the following analysis in opposition to the Motion in an abundance of caution.

**A.     Mojave Desert Has No Standing to Seek a Continuance of Hearing.**

Mojave Desert concedes that it has no standing to bring the Motion.  Specifically, as set forth in the Motion to Continue, Mojave Desert stated that "it is in the process of purchasing the Litigation Asset from Dawgs Holdings LLC, the entity created by" OIG and that it does not yet own the Litigation Assets previously owned by the Debtor. *See* Motion, Adv. ECF No. 41, p. 2, ll. 2-3.  As of the date of this writing, Mojave Desert has failed to present any admissible evidence to demonstrate that it in fact owns the Litigation Assets previously owned by the Debtor and subsequently OIG.   Absent evidence of an assignment or purchase for consideration, Mojave Desert lacks standing to seek a continuance of the Motion to Dismiss Adversary.

**1.     Last Minute Request for Expedited Hearing Inconsistent with "Long-Standing Obligations" of Mojave Desert's Counsel.**

James Mann was present during the July 20, 2018, hearing on the Motion to Dismiss Adversary, when GemCap specifically requested an independent date for the continued hearing to ensure that its Motion be heard and the Manns' persistent efforts to sabotage the May 17 agreement – which Steven and Barrie Mann negotiated on behalf of the Debtor – for their personal benefit.  But at no time did counsel for James Mann's entity request a different hearing date from GemCap based upon the "long-standing obligations" of counsel that interfered with the continued hearing of August 6, 2018.  Gamesmanship and lack of good faith are the catalyst for James Mann's last minute request for a continuance, as evidenced by the timing of the formation of Mojave Desert, juxtaposed with the eleventh hour request filed late on a Friday afternoon to thwart GemCap's dismissal efforts. A true and correct copy of the corporate formation information for Mojave Desert Holdings LLC is attached hereto as **Exhibit "A"**, reflecting a corporate file date of July 27, 2018, and the filing of the Initial List

of Officers and Articles of Organization on the same date, identifying James Mann as the resident agent and managing member.[2]  Inexplicably, James Mann, through his newly created entity Mojave Desert, waited one full week before requesting the continued hearing date, creating his own "emergency".

This Court has been exceedingly accommodating in that it has repeatedly allowed telephonic appearances in connection with out-of-state counsel throughout the proceedings involving Debtor's case. And yet it remains unclear from the cursory explanation in Matt Berkowitz's Declaration why a telephonic hearing was not requested by either of the two lead attorneys.  Mojave Desert failed to identify an alternative time for the hearing after 9:30 a.m. on August 6, 2018 [Adv. ECF No. 41, pp. 4-5].  Rather, Mr. Berkowitz solely identified "long-standing obligations [of] both Fred Sosnick" and Mr. Berkowitz, the principal attorneys, as the reason for their inability to attend the hearing.  GemCap's Motion to Dismiss has been on file with this Court since March 30, 2018 [Adv. ECF No. 12], allowing more than sufficient time for local counsel to prepare for the hearing that has been scheduled most recently since July 20, 2018.

James Mann was in the courtroom when the Court continued the hearing on the Motion to Dismiss, and at no time did Mojave Desert raise a scheduling issue, especially given the repeated representations made starting June 29, 2018, that James Mann intended to purchase the Litigation Assets.  And that is particularly troubling, given that GemCap was emphatic in requesting a hearing date for the Motion that preceded the hearing on the Debtor's Motion to Dismiss the Adversary Action – precisely because of the Manns' constant and increasingly desperate attempts to renege on the Settlement Agreement they negotiated and reached on behalf of the Debtor May 17, 2018, it is imperative that this matter be brought to a conclusion by this Court by dismissing the Adversary Action.  Notwithstanding Mr. Berkowitz's representations to the Court in his declaration that "[w]e expect that the purchase will be

---

[2] GemCap requests that this Court take judicial notice of the Nevada Secretary of State filing pursuant to FED. R. EVID. 201(b) and (c)(2) and FED. R. EVID. 1101(a) and (b), which document is a matter of public record.

completed in the very near future, and likely before the hearing" on GemCap's Motion to Dismiss Adversary [Adv. ECF No. 41, p. 5, ll. 1-4], Mojave Deserts has not provided GemCap with a copy of an executed purchase agreement.

## 2. GemCap Will be Prejudiced if Hearing on Motion to Dismiss Adversary is Continued Yet Again.

GemCap will *again* be prejudiced in the event the Motion to Dismiss Adversary is continued a fifth time, given the unnecessary costs GemCap will incur to travel to yet another continued hearing on the adversary dismissal motion. On July 20, 2018, GemCap made unequivocally clear during the last hearing on the Motion to Dismiss Adversary that it was prepared to proceed with the Motion to Dismiss the Adversary Complaint. GemCap disputes vigorously Mojave Desert's characterization of the continued August 6, 2018 hearing as a placeholder or status hearing.  This Court previously continued the dismissal hearing at the request of Debtor's replacement counsel, Matt Zirzow, Esq. to allow him time to become familiar with the matter and prepare for the hearing.  As this Court may recall, during the July 20, 2018, Attorney Gray Kozlowski represented to the Court that she was unable to argue in opposition to the Motion to Dismiss the Adversary as a result of her impending withdrawal as Debtor's counsel.  GemCap has expended fees and costs, including travel costs, to proceed with the dismissal hearing on numerous occasions, which has been continued four times, and GemCap will be further prejudiced with increasing fees, costs, and additional unnecessary delay, if the hearing does not proceed as scheduled on August 6, 2018.

## 3. GemCap's Motion to Dismiss Adversary is Fully Briefing, Requiring Only Oral Argument.

Debtor, its affiliates Double Diamond and its principals, through family members, in this instance James Mann, through Mojave Desert, have effectively stalled the hearing on the Motion to Dismiss the Adversary, and are now playing a game of hot potato in furtherance of the ongoing delay tactics. Based upon the record before this Court, and the repeated

continuances, this Court should deny Mojave Desert's request to continue the hearing for a fifth time, especially given that the briefing schedule on the Motion to Dismiss the Adversary Case is closed.

The Opposition to the Motion to Dismiss Adversary Complaint was filed on April 26, 2018 [Adv. ECF No. 15]. Any attempt by Mojave Desert to submit any other filings to this Court over three (3) months after the opposition deadline would result in a fugitive document precluded by the Local Rules. James Mann's purpose in attempting to hijack the Debtor's Adversary Complaint is to weaponize the bankruptcy litigation in an effort to help his brothers gain some tactical advantage over the pending federal guarantor action commenced by GemCap in California. Mojave Desert's request to further continue the hearing on the dismissal motion is perceived by GemCap as nothing more than yet another stall tactic that should not be tolerated by this Court.

**B.  To Extent Mojave Desert Is Deemed to Have Standing, It Is Estopped From Challenging GemCap's Settlement with Debtor and Raising Defenses to Dismissal of Adversary.**

Alternatively, to the extent this Court finds that Mojave Desert has standing to argue the Motion to Dismiss, the Debtor, and in turn OIG, the successful bidder, and any successors-in-interest as it relates to the Litigation Assets, are each respectively bound by the settlement Terms placed on the record before this Court on May 17, 2018. *See e.g., Doi v. Halekulani Corp.*, 276 F.3d 1311, 1138 (9th Cir. 2002) ("it is well-established that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record") (citations omitted).[3]  Mojave Desert seeks to breach the Debtor's settlement Terms reached with GemCap and presented to the Court, which settlement Terms are part of the Litigation Assets which Mojave Desert claims it is "in the process of purchasing." See Motion to Continue, p. 2, ll. 2-3 [Adv. ECF No. 41]. Regardless of whether Debtor, OIG, or now the soon to be

---

[3] *See also In re Christie*, 173 B.R. 890, 891 (Bankr.E.D.Tex.1994) ("An agreement announced on the record becomes binding even if a party has a change of heart after [she] agreed to its terms but before the terms are reduced to writing.").

purported successor-in-interest Mojave Desert own the Debtor's Litigation Assets, as it relates to the pending Motion to Dismiss the Adversary, each of them are bound by the May 17, 2018, settlement terms placed on the record before this Court, and previously upheld by this Court when challenged by Double Diamond in connection with the Double Diamond Motion [ECF No. 431].

Mojave Desert's efforts to purchase the Litigation Assets and oppose dismissal of the Adversary Case also appear to confirm allegations of collusion in connection with the Auction and bidding process, and clearly show the effort by the Mann Siblings to wrest control of the litigation for their personal benefit.  But notwithstanding these transparent and repeated maneuvers, at best, Mojave Desert will have rights, if any, by way of an assignment, and bankruptcy does not enlarge or abridge a successor's rights to an asset.  Rather, Mojave Desert is bound by the same rights that the Debtor had in its defense of the Adversary Complaint, which in this instances includes the agreement between the Debtor and GemCap as placed on the record on May 17, 2018, providing GemCap with an Allowed Secured Claim for $4.3 million in exchange for GemCap's support of the Plan, continued use of its cash collateral, among other things.

As previously raised by GemCap on numerous occasions, the Ninth Circuit held in *Doi, supra* 276 F.3d at 1311, that "it is well-established that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record." (citations omitted). Mojave Desert cannot now undermine and purport to vitiate Debtor's settlement with GemCap, which bundle of rights and attendant obligations were subsequently sold to OIG at the Auction. Debtor and its successors cannot challenge the previously agreed upon settlement Terms, given GemCap's performance in accordance with the Terms placed on the record on May 17, 2018. Debtor, and successor OIG, and to the extent applicable Mojave Desert in the event an assignment and purchase are effectuated, are all estopped from raising defenses to the dismissal of the Adversary Complaint in light of the Terms of the settlement.  Based upon the

undisputed facts before this Court, denial of Mojave Desert's Motion to Continue the hearing on the dismissal of the Adversary Complaint is warranted.

### IV.     CONCLUSION

Based upon the foregoing, GemCap respectfully requests this Court deny Mojave Desert's Motion to Continue the hearing on GemCap's Motion to Dismiss Adversary to avoid any further and unnecessary prejudice, delay and cost to GemCap.

DATED this 6th day of August, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Ogonna Brown
Ogonna M. Brown, Esq.
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398

FREEMAN, FREEMAN & SMILEY LLP
Todd M. Lander, Esq. (Admitted Pro Hac Vice)
Arash Beral, Esq. (Admitted Pro Hac Vice)
1888 Century Park East, Suite 1900
Los Angeles, California 90067

*Attorneys for GemCap Lending I, LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 6th day of August, 2018, I caused to be served a true and correct copy of the OPPOSITION TO MOTION FOR CONTINUANCE OF HEARING ON MOTION TO DISMISS in the following manner:

☒  (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐  (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐  (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐  (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ C.J. Scruggs
C.J. Scruggs, an employee of
Lewis Roca Rothgerber Christie LLP

# EXHIBIT A

# MOJAVE DESERT HOLDINGS LLC

| Business Entity Information | | | |
|---|---|---|---|
| Status: | Active | File Date: | 7/27/2018 |
| Type: | Domestic Limited-Liability Company | Entity Number: | E0356532018-6 |
| Qualifying State: | NV | List of Officers Due: | 7/31/2019 |
| Managed By: | Managing Members | Expiration Date: | |
| NV Business ID: | NV20181535425 | Business License Exp: | 7/31/2019 |

| Additional Information | |
|---|---|
| Central Index Key: | |

| Registered Agent Information | | | |
|---|---|---|---|
| Name: | JAMES MANN | Address 1: | 517 BIGHORN RIDGE AVE, |
| Address 2: | | City: | HENDERSON |
| State: | NV | Zip Code: | 89012 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | |
| Mailing Zip Code: | | | |
| Agent Type: | Noncommercial Registered Agent | | |

| Financial Information | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |
| **No stock records found for this company** | | | |

| Officers | | | ☐ Include Inactive Officers |
|---|---|---|---|
| **Managing Member - JAMES MANN** | | | |
| Address 1: | 517 BIGHORN RIDGE AVE, | Address 2: | |
| City: | HENDERSON | State: | NV |
| Zip Code: | 89012 | Country: | |
| Status: | Active | Email: | |

| Actions\Amendments | | | |
|---|---|---|---|
| Action Type: | Articles of Organization | | |
| Document Number: | 20180331163-68 | # of Pages: | 1 |
| File Date: | 7/27/2018 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Initial List | | |

| Document Number: | 20180331164-79 | # of Pages: | 1 |
| File Date: | 7/27/2018 | Effective Date: | |
| (No notes for this action) | | | |